By the Court.—Sedgwick, Ch. J.
The complaint averred that plaintiff Herman Rosenberg was the general partner, and the plaintiff Fanny Bottigheimer was the special partner of a limited partnership created under the statutes of the state of "Virginia; that the partnership consigned to the defendants merchandise “upon the agreement, that the defendants would sell the same as agents for and on account of plaintiffs, and remit the proceeds of sale to them ; that the defendants as such agents did sell said merchandise, for about the sum of $800, which they received as plaintiffs are informed and believe ; but did not remit the proceeds of said sale to plaintiffs; that payment of said proceeds of sale has been demanded, but defendants neglected and refused, and still neglect, &c.”
The answer set up as a separate defense that the statute of Virginia, under which as alleged in the complaint, the special partnership was created, provides that all actions on behalf of such a special partnership shall be brought in the name of the general partner, and that thete was in this action a misjoinder of parties, in making Fanny Bottigheimer, the alleged special partner, a plaintiff.
*359 And as a separate defense, that the plaintiff Herman Rosenberg before the consignment mentioned in the complaint, and to the beginning of the action, transacted business ostensibly for himself, solely and in his own name, with consent of plaintiff Bottigheimer, and with like consent he held himself out to defendants as the sole owner of the merchandise consigned, and the defendants received the same on his sole account, under an agreement with him individually that these defendants would on sale thereof account to him individually ; that thereupon “these defendants sold the merchandise so delivered to them as aforesaid, for and as agents of said Rosenberg individually, and duly accounted to him individually for the proceeds.”
And as a separate defense, by way of counter-claim or set-off, the answer averred that they did not know or believe, and had no reason to know or believe, that the merchandise in question was owned or consigned by the partnership or was consigned by it, but that it was consigned, as they believed, by Rosenberg individually, and was owned by him ; that before the time of the creation of the alleged partnership, the plaintiff was indebted to the defendants for the goods sold and delivered by them to him $1,593, which he promised to but had not paid, and the a nswer demanded judgment for such amount or that it be set off against plaintiff’s claim.
And as a separate defense, the answer averred that the alleged partnership was fictitious and colorable ; and that Bottigheimer was in fact not a partner, and that Rosenberg was solely interested therein.
It is doubtful, that, even if the defendants did not know that Bottigheimer was a partner of Rosenberg, the defendants could off-set an indebtedness due by Rosenberg and incurred by him, before the merchandise actually belonging to the plain tiff’s firm was consigned. But the testimony was incontrovertible that in answer to inquiry by the defendants to Rosenberg, “In whose name do you at present carry on business % ” the defendants were informed that Rosenberg carried on business in his own name, hav *360 ing a special partner. It was immaterial that they were not told that the name of the special partner was Fanny Bottigheimer. This information they received, before the consignment in question was made.
The provision of the statute of Virginia, that actions by a special partnership, should be brought in the name of the general partner, was law for the courts of Virginia, but could not direct the form of any remedy that the laws of this state empowered its courts to give. Our statutes as to special partnership refer only to special partnerships formed under it. And the law here is, that action shall be brought by the parties in interest.
That the plaintiffs were partners, either general or as members of a special partnership, was proven by evidence of the written contract of the plaintiffs that the special partnership should be formed. This was recorded, and notice of the formation of the partnership published. After proof of these facts, the interest of the plaintiff Bottigheimer was sufficiently shown, unless the defendants should show that, in truth, Bottigheimer had no interest in the firm, and her name was used only for the purpose of preventing off-sets of Rosenberg’s former debts,, or some other fraudulent object, which defendants might take advantage of. But there was no attempt to show such a purpose or object. Questions were put to Rosenberg, who was examined on commission, which were pointed to the circumst anees connected with an assignment he had made for the benefit of creditors before the special .partnership was formed, and to things done by the assignee, and as to whether any of the assigned property had gone into the assets of the special property. At the time these questions were asked, they did not tend to show that Bottigheimer had no interest in the special partnership. If they did, it was within the discretion of the court to require that such a point should be opened by the defendants, after the close of plaintiff’s case. The appellants’ counsel claims that the proof showed that no special partnership was formed, by reason of a non-compliance with the requirements of the *361 Virginia statute as to the kind of capital contributed by Bottigheimer, and, although this would result in her being made a general partner’, the proof failed because the complaint rested solely upon the existence of a special partnership. This does not seem to be a variance. The averments of the complaint were proved, bxit the defendants showed the existence of another fact, which did not change the interest of Bottigheimer in the cause of action. She would be liable for all debts of the firm, and was entitled to the firm property, to be applied to their discharge.
The appellants’ counsel urges that the action cannot be maintained, because it is for money had and received, and the defendants did not receive the proceeds of the consigned goods after they were sold by them, before this action was begun. It is not clear to me that the action is only for money had and received, although there were allegations enough to sustain such an action. By the complaint the defendants agreed to sell and to remit; and they did sell for about $800, but did not remit. There was no question made on the trial as to the form of the complaint. It is a case where it would be proper to conform the pleadings to the proof. There was no dispute on the trial as to the duty of defendants. One of them testified that their instructions were to sell these goods for $780, less .5 per cent, and $50. He also testified ihat the goods were sold. He did not say for what they were sold, but that the defendants received $600, not accounting for the difference. He said this was received after this action was begun. Ho reason was given for not remitting before action begun Whatever was received, excepting that before action was begun, the defendants had credited on their books Rosenberg’s old indebtedness, with what the goods sold for.
I am of opinion that the defendants were estopped from setting up on the trial, that before the action, they could not remit because they had not received the proceeds of their sale (Edwards v. Farmers’ Fire Ins. & L. Co., 21 Wend. 482; Dows v. Morewood, 10 Barb. 187; citing Everett v. Saltus, 15 Wend. 474; aff’d, 20 Wend. 268). *362 They led the plaintiffs to believe that they were in a position to remit, but that they claimed that the proceeds should be applied to Rosenberg’s old indebtedness. Such was the effect oí a letter by them to Rosenberg dated August 19, 1882
As we have seen, the defendants were bound to follow instructions. It is to be presumed that they did follow them, except as otherwise shown by evidence. If they did not, they are liable, unless a sufficient excuse is sliown. They did not attempt to excuse it. There is no proof that they did not sell for the price of the instructions. They only proved that they collected $600. They led plaintiffs to believe that they had received the proceeds.
The facts that have now been noticed were indisputably proven, and it is not necessary to notice several exceptions which become immaterial on these facts. I think the judgment should be affirmed, with costs.
Ingraham, J., concurred.